UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Tyrone Kelly, #323630 | ) C/A No. 8:09-2848-CMC-BHH |
| Plaintiff, | ) |
| vs. | ) |
| Lt. Herman Young, Fairfield County Sheriff; | ) |
| Lt. Brad Douglas, Fairfield County Sheriff Dept; | ) |
| Officer Ross Sparks, Fairfield County Sheriff Dept; | ) |
| Officer Lee Haney, Fairfield County Sheriff Dept; | ) |
| Officer Jeremy Ashford, Fairfield County Sheriff Dept; | ) |
| Attorney Robert Fitzsimons, Fairfield County Public Defender Office; | ) |
| Attorney Charles T. Brooks, III, Sumter County; | ) **Report and Recommendation** |
| Councilman Cornell Murphy; | ) |
| Officer Jerrid Douglas, Fairfield County Sheriff Dept.; | ) |
| Mark Edenfield, Fairfield County Sheriff Dept.; | ) |
| Douglas Barfield, Fairfield County Solicitor Office; | ) |
| Cynthia Richardson, Grand Jury Fore Person, | ) |
| Defendants. | ) |

The Plaintiff, Tyrone Kelly (Plaintiff), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983.[1] Plaintiff is an inmate at Campbell Pre-Release Center, a facility of the South Carolina Department of Corrections (SCDC), and files this action *in forma pauperis* under 28 U.S.C. § 1915. Plaintiff's pleadings name a Fairfield County Solicitor, a Fairfield County Councilman, and numerous employees of the Fairfield County Sheriff's Department as Defendants.[2] The pleadings also name a Grand Jury member and two

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[2] Title 28 U.S.C. § 1915A (a) requires review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

attorneys who represented Plaintiff. Plaintiff seeks monetary damages. Plaintiff further seeks an investigation of the cities of Winnsboro and Fairfield, and that charges be filed against the Defendants. The complaint should be dismissed for failure to state a claim upon which relief may be granted.

## Pro Se and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

This complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. at 31. A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).

This Court is required to liberally construe *pro se* documents, *Erickson v. Pardus*, 551 U.S. 89 (2007); *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. However, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## Background

Plaintiff filed his original complaint on November 3, 2009, alleging that "Officials in Fairfield County" were involved in a civil conspiracy against the Plaintiff. (Docket Entry No. 1, complaint, page 5). Plaintiff claims Defendants Douglas, Sparks, Haney, and Ashford conspired "to induce the Plaintiff to commit a Crime which was created by them" in an effort "to assure the Plaintiff['s] Detention & Imprisonment for personal revenge." Plaintiff's complaint indicated that "[t]he Facts of that case was misrepresented to the Judge and the Plaintiff." (Complaint, page 5). Thus, although somewhat unclear, the complaint appeared to indicate that Plaintiff had been convicted of the charges about which the Defendants allegedly conspired.

Plaintiff failed to provide all of the required service documents for the Defendants. Therefore, on November 12, 2009, an Order was issued directing Plaintiff to bring the

instant case into proper form. (Docket Entry No. 6). The Plaintiff was also directed to answer Special Interrogatories. Plaintiff complied with the Court's Order on November 25, 2009, by submitting most of the needed service documents.[3] (Docket Entry No. 10). Plaintiff also submitted Answers to the Court's Special Interrogatories, (Docket Entry No. 9), which clearly state that Plaintiff was convicted of the charges of Distribution of Cocaine Base and Distribution of Cocaine as a result of the Defendants' actions. Plaintiff additionally filed an amended complaint, (Docket Entry No. 8), which added claims and Defendants to the instant action.

In addition to the civil conspiracy claim, Plaintiff's amended complaint alleged claims of: (1) illegal arrest; (2) illegal search and seizure; (3) entrapment; (4) illegal audio and video surveillance/invasion of privacy. The amended complaint states that Plaintiff was arrested, subsequent to a traffic stop, by Winnsboro Public Safety officers on March 1, 2007. (Amended complaint, page 1). Plaintiff was taken to the Fairfield County Detention Center for the offenses of Possession with Intent to Distribute Cocaine, Possession with Intent to Distribute Crack Cocaine and two counts of Possession within Proximity of a School. Plaintiff was served with warrants for the drug offenses two days later. However, Plaintiff's charges were dismissed at a preliminary hearing on March 26, 2007. (Amended complaint, page 3).

Prior to Plaintiff's release from the Fairfield County Detention Center, he was served with a warrant for "Cocaine Base" by Defendants Lee Haney and Ross Sparks. Plaintiff was taken by Defendants Haney and Sparks to meet with Defendants Brad Douglas and

---

[3] Plaintiff failed to provide a Form USM-285 for Defendant Councilman Cornell Murphy.

4

Jeremy Ashford. Plaintiff alleges that Defendant Douglas wanted Plaintiff to be a confidential informant (C.I.) for the police department. Plaintiff was then transported back to the detention center where his bond was set at five thousand (5,000) dollars. Plaintiff bonded out of the detention center. (Amended complaint, page 4).

Plaintiff indicates that he had difficulty getting money, related to the March 1, 2007 arrest, returned from "City Policemen." (Amended complaint, page 4). Thus, Plaintiff met with Defendant Councilman Cornell Murphy, who "forced" the officers to return Plaintiff's money. (Amended complaint, page 5).

Approximately two weeks after Plaintiff bonded out of the detention center, Plaintiff was re-arrested at his brother's residence by several officers, including Defendant Brad Douglas and Defendant Jerrid Douglas[4]. Plaintiff states he was not told why he was being arrested, however, the following day, Plaintiff was re-served with the "same warrant that [Plaintiff] had recently been bonded out on." Plaintiff claims he was re-detained "because [Plaintiff] would not be a C.I. for [Brad Douglas]." (Amended complaint, page 5). Plaintiff states he was subsequently determined to be a flight risk and his bond was set at one hundred thousand (100,000) dollars. (Amended complaint, page 6).

Defendant Fitzsimons[5], a Fairfield County Public Defender, was appointed as Plaintiff's defense counsel. Plaintiff states that Defendant Fitzsimons failed to respond to Plaintiff's correspondence, failed to adequately visit the Plaintiff, and treated the Plaintiff

---

[4] Defendant Jerrid Douglas is also identified as Jarrick Douglas in the amended complaint. (Docket Entry No. 8).

[5] Defendant Robert Fitzsimons is also identified as Bob Fitzsimmons and Robert Clevland Fitzsimmons in portions of Plaintiff's complaint and amended complaint. (Docket Entries 1, 8).

in a disrespectful manner. (Amended complaint, page 6). On August 14, 2007, Plaintiff was "called to go to Fairfield General Session Court." Defendant Fitzsimons met with Plaintiff, who requested a trial on his charges. Defendant Fitzsimons allegedly told Plaintiff he would lose at trial and presented a plea offer of five (5) years incarceration. Plaintiff told Defendant Fitzsimons that Plaintiff would accept the plea offer. However, Plaintiff alleges that he only wanted to "get in front of the Judge so I could file Mr. Fitzsimmons." (Amended complaint, page 7).

Plaintiff was taken to a room outside the courtroom to enter his plea. Plaintiff states Defendant Douglas Barfield (Fairfield County Solicitor), Defendant Brad Douglas, Defendant Ashford, Defendant Fitzsimons, a Judge and a court reporter were the only people allowed in the room. Plaintiff entered a plea of guilty to the charges "not because [he] was guilty, but because [he] thought [he] would be harm[ed] if he didn't." (Amended complaint, page 8).

Plaintiff subsequently filed a post-conviction relief (PCR) motion. Attorney Charles T. Brooks, III., was appointed to represent Plaintiff. (Amended complaint, page 9). However, Plaintiff alleges that Defendant Brooks failed to adequately assist the Plaintiff and failed to appear for a court hearing on February 23, 2009. (Amended complaint, page 10). Plaintiff's PCR hearing was rescheduled for August 24, 2009. Defendant Brooks met with Plaintiff at that time and allegedly yelled at Plaintiff, calling the Plaintiff "stupid." (Amended complaint, page 11). Plaintiff went ahead with the PCR hearing, but states he has not yet received a "disposition on the PCR case." Plaintiff claims that he asked Defendant Brooks to appeal his PCR, but has doubts whether such action will be taken. (Amended complaint, page 12).

On December 2, 2009, Plaintiff filed a motion to amend his complaint a second time. (Docket Entry No. 14). Plaintiff's proposed amended complaint contains essentially the same information found in Plaintiff's original complaint and first amended complaint. However, the pleading contains claims against one additional party, Cynthia Richardson. Ms. Richardson is identified as the Grand Jury Fore Person, who allegedly forged "a true bill on an indictment and state[d] it was done by grand jury that never existed." (Motion to Amend, attachment no. 1, page 2). In an Order filed contemporaneously with this Report and Recommendation, Plaintiff's motion to amend is granted and Cynthia Richardson is added as a Defendant in the instant case.

## Discussion

Plaintiff's complaint, first amended complaint, and second amended complaint are filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994), quoting *Baker v. McCollan*, 443 U.S. 137, 144, n. 3 (1979). A legal action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

As an initial matter, Plaintiff names two Defendants, Fitzsimons and Brooks, who are not amenable to suit under § 1983. An attorney, whether retained, court-appointed,

or a public defender, does not act under color of state law when performing traditional functions as counsel. *See Polk County v. Dodson*, 454 U.S. 312, 317-324 & nn. 8-16 (1981) (public defender); *Hall v. Quillen*, 631 F.2d 1154, 1155-1156 & nn. 2-3 (4th Cir. 1980)(court-appointed attorney); *Deas v. Potts*, 547 F.2d 800 (4th Cir. 1976) (private attorney). *See also Fleming v. Asbill*, 42 F.3d 886, 890 (4th Cir. 1994)("Private lawyers do not act 'under color of state law' merely by making use of the state's court system"); *Hansen v. Ahlgrimm*, 520 F.2d 768, 770 (7th Cir. 1975)("[i]t is established that a private attorney, while participating in the trial of private state court action, is not acting under color of state law"). Plaintiff allegations against Defendants Fitzsimons and Brooks regard their legal representation of the Plaintiff in his criminal and post-conviction relief cases. As such, Defendants Fitzsimons and Brooks are not "state actors" amenable to suit under § 1983 and are entitled to summary dismissal from this case.

Further, Defendant Douglas Barfield, the Fairfield County Solicitor, is protected from Plaintiff's claim for damages by prosecutorial immunity. In South Carolina, regional prosecutors are called Solicitors and Assistant Solicitors. *See* S.C. CONST. art. V, § 24; S.C. CODE ANN. § 1-7-310 (1976). Solicitors are elected by voters of a judicial circuit and have absolute immunity for activities in or connected with judicial proceedings, such as a criminal trial, bond hearings, bail hearings, grand jury proceedings, and pre-trial "motions" hearings. *See Van de Kamp v. Goldstein*, - - - U.S. - - - -, 129 S.Ct. 855, 861 ( 2009)("we have held that absolute immunity applies when a prosecutor prepares to initiate a judicial proceeding, or appears in court to present evidence in support of a search warrant" (citations omitted)). *See also Buckley v. Fitzsimmons*, 509 U.S. 259 (1993); *Burns v. Reed*,

500 U.S. 478 (1991); *Imbler v. Pachtman,* 424 U.S. 409 (1976); *Dababnah v. Keller-Burnside*, 208 F.3d 467 (4th Cir. 2000). Plaintiff sues Defendant Barfield for actions taken during the prosecution of Plaintiff's criminal case. As Defendant Barfield has absolute immunity insofar as his prosecutorial actions are concerned, Plaintiff's claims against this Defendant are barred from suit under § 1983. Therefore, Defendant Barfield should be dismissed from the instant action.

Further, members of the grand jury are immune from suit under § 1983. *See DeCamp v. Douglas County Franklin Grand Jury*, 978 F.2d 1047, 1050-51 (8th Cir. 1992); *Martone v. McKeithen*, 413 F.2d 1373, 1376 (5th Cir. 1969)(member of grand jury immune from liability under the civil rights statutes). As Defendant Cynthia Richardson is named in her capacity as the foreperson of the Grand Jury, she is also immune from suit in the instant action, and is entitled to summary dismissal.

Although the remaining Defendants are amenable to suit under § 1983, Plaintiff's claim for damages against these Defendants must fail.[6] Plaintiff clearly indicates that the Defendants' actions resulted in Plaintiff being charged with, and convicted of, the offenses of Distribution of Cocaine and Distribution of Cocaine Base. Plaintiff was sentenced to five (5) years of incarceration for these offenses by the Fairfield County Court of General

---

[6] Plaintiff has previously brought a § 1983 action in this District Court asserting nearly identical allegations as the instant action against Defendants Brad Douglas, Ross Sparks, and Lee Haney. *See Tyrone Kelly v. Lt. Brad Douglas, et al.*, Civil Action No. 8:09-171-CMC-BHH (SCDC)(dismissed without prejudice on May 4, 2009). This court takes judicial notice of Civil Action No. 8:09-171. A district court may take judicial notice of materials in the court's own files from prior proceedings. *See United States v. Parker*, 956 F.2d 169, 171 (8th Cir. 1992); *Fletcher v. Bryan*, 175 F.2d 716 (4th Cir. 1949). The Plaintiff's current claims against Defendants Brad Douglas, Ross Sparks, and Lee Haney, are subject to summary dismissal for the same reasons. *See Aloe Creme Laboratories, Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970).

9

Sessions on August 14, 2007. (Amended complaint, pages 7-8; Plaintiff's Answers to the Court's Special Interrogatories, pages 1-2).

The United States Supreme Court has held that, in order to recover damages for imprisonment in violation of the constitution, the imprisonment must first be successfully challenged. *See Heck v. Humphrey*, 512 U.S. 477 (1994).

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm whose unlawfulness would render a conviction or sentence invalid, . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

*Id.*, 512 U.S. at 486-87; *See also Edwards v. Balisok*, 520 U.S. 641 (1997)(the preclusive rule of *Heck* extended to § 1983 claims challenging procedural deficiencies which necessarily imply the invalidity of the judgement).

Although Plaintiff's amended complaint claims otherwise, a favorable determination on the merits of the Plaintiff's claims in this § 1983 action would require a finding that his imprisonment is invalid. The United States Supreme Court states that "when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Heck v. Humphrey*, 512 U.S. at 487. While Plaintiff indicates that he has initiated a post-conviction relief (PCR) action, he states that no disposition has been rendered in that case. As Plaintiff fails to

demonstrate that he has successfully challenged the lawfulness of his confinement, the complaint must be dismissed.

It is noted that the rule in *Heck* does not apply to claims of false arrest in the pre-conviction context, where criminal charges are still pending. *See Wallace v. Kato*, 549 U.S. 384, 939 (2007). In the instant action, Plaintiff has been convicted of charges resulting from his allegedly "illegal arrest." As such, Plaintiff must meet *Heck's* favorable determination requirement in order to recover damages for alleged constitutional violations associated with his current conviction. However, even if the rule in *Heck* did not impede Plaintiff's present false arrest claim, the case would still subject to summary dismissal.

To state a cognizable § 1983 claim for false arrest, a plaintiff must claim an arrest was made without an arrest warrant. *See Porterfield v. Lott*, 156 F.3d 563, 568 (4th Cir. 1998)("a claim for false arrest may be considered only when no arrest warrant has been obtained"). Plaintiff's amended complaint indicates that he was served with a warrant for possession of "Cocaine Base" on or around March 26, 2007, prior to Plaintiff's detention for that charge. Plaintiff bonded out of the detention center shortly thereafter. (Amended complaint, page 4). Approximately two weeks later, Plaintiff was taken back to the detention center. Plaintiff alleges that he did not know why he was being re-detained, however, the following day, Plaintiff was served with "the same warrant that [he] had recently been bonded out on." (Amended complaint, page 5). Plaintiff was then declared a flight risk and given a much higher bond. Thus, Plaintiff's re-detention was not a "warrantless" arrest based on a new charge. Instead, Plaintiff was re-incarcerated pursuant to the original "Cocaine Base" warrant. Because Plaintiff was originally arrested,

and re-detained, pursuant to a warrant, his allegations of false/illegal arrest are subject to summary dismissal.

Finally, Plaintiff asks this Court to file criminal charges against the Defendants. However, such relief cannot be granted, as "[n]o citizen has an enforceable right to institute a criminal prosecution." *Lopez v. Robinson*, 914 F.2d 486, 494 (4th Cir. 1990) (citing *Linda R. v. Richard V.*, 410 U.S. 614, 619 (1973) ("In American jurisprudence at least, a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another")). Further, prosecutorial discretion does not reside in the judicial branch. The decision whether or not to prosecute, and what charge to file or bring, generally rests within the prosecutor's discretion. *Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978); *United States v. Giannattasio*, 979 F.2d 98, 100 (7th Cir. 1992).

<u>Recommendation</u>

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance of service of process. Plaintiff's attention is directed to the important notice on the next page.

s/Bruce Howe Hendricks
United States Magistrate Judge

December 10, 2009
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 10768
Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).